# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRES JIMENEZ,

    Plaintiff,

v.

MEXICANA AIRWAYS, et al.,

    Defendants.

2:10-CV-105 JCM (LRL)

## ORDER

Presently before the court is defendant Mexicana Airways' (hereafter "Mexicana") motion for summary judgment. (Doc. #15). Plaintiff Andres Jimenez's opposition was due on June 13, 2010. To date, plaintiff has not filed an opposition.

Plaintiff asserts three claims: 1) breach of contract, 2) breach of the covenant of good faith and fair dealings and 3) negligence. The complaint stems from an incident during a Mexicana airline flight where plaintiff alleges to have found part of a finger in a meal provided on board.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), defendant's failure to file an opposition is an insufficient ground for granting summary judgment. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). While this court may grant the motion, it must first evaluate its merit.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary

**James C. Mahan**
**U.S. District Judge**

1  judgment if the non-moving party fails to present, by affidavits, depositions, answers to
2  interrogatories, or admissions on file, "specific facts showing that there is no genuine issue for trial."
3  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). This court finds that
4  defendant Mexicana has fulfilled its burden.

5  Because the incident occurred during an international flight from Mexico to Las Vegas,
6  (complaint, para. #10), the Montreal Convention relating to international transportation is the
7  governing law. U.S. Const. Art. VI cl. 2; *see El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999)
8  (discussing the Warsaw Convention, the predecessor to the Montreal convention). Under article 17
9  of the Montreal Convention, to recover personal injury damages, plaintiff Jimenez must have
10 suffered a "bodily injury," meaning an injury with a physical manifestation. *See Eastern Airlines,*
11 *Inc. v. Floyd*, 499 U.S. 530, 552 (1991). *See also Carey v. United Airlines, Inc.*, 255 F.3d 1044, 1052
12 (9th Cir. 2001) (holding "physical manifestations of emotional and mental distress do not satisfy the
13 'bodily injury' requirement").

14 Plaintiff Jimenez seeks damages resulting from the injuries sustained upon allegedly finding
15 part of a finger in the meal provided to him by defendant Mexicana. In his complaint, plaintiff stated
16 that finding the finger was "very repulsive and disturbing to him in [sic] it affected him physically
17 and emotionally." (Complaint, para. 14).  However, Mexicana contends that plaintiff admitted he
18 did not ingest the finger, become ill or seek medical attention, nor has he rebutted this contention.

19 As a result, plaintiff has not shown that he suffered a bodily injury. Defendant Mexicana has
20 established that it is entitled to judgment as a matter of law because plaintiff has not shown the
21 ability to collect on any damages under the Montreal Convention.
22
23 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Mexicana
24 Airways' motion for summary judgment (doc. #15) be, and the same hereby is, GRANTED.
25 DATED July 15, 2010.

26 _____
   UNITED STATES DISTRICT JUDGE
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -